William J. Robinson (State Bar No. 83729)
email:  wrobinson@foley.com
Jean-Paul Ciardullo (State Bar No. 284170)
email:  jciardullo@foley.com
Justin M. Sobaje (State Bar No. 234165)
email:  jsobaje@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:     213-972-4500
Facsimile:      213-486-0065

STEVE R. SHERMAN (State Bar No. 136589)
email: ssherman@tobysherman.com
**TOBY, SHERMAN & DOYLE, LLP**
4309 Hacienda Drive, Suite 350
Pleasanton, CA 94588
Telephone: (925) 463-3300
Facsimile: (925) 463-3301

Attorneys for **FORMFACTOR, INC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **FORMFACTOR, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**MARTEK, INC.**, an Arizona corporation.<br><br>Defendants.<br><hr>**MARTEK, INC**., an Arizona corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>**FORMFACTOR, INC**., a Delaware corporation, **SENECA MERGER SUB, INC**., a Delaware corporation, and **DOES 1-10**,<br><br>Counter-Defendants. | Case No. 4:14-cv-01122 JD<br><br>**JOINT CASE MANAGEMENT STATEMENT OF FORMFACTOR, INC. AND MARTEK, INC.** |

Pursuant to F.R.Civ.P. 16(f)(2), and Civ. L.R. 16-9(a) and the associated Standing Order for all Judges, FormFactor, Inc. ("FormFactor") and MarTek, Inc. ("MarTek") hereby provide this Joint Case Management Statement following their Rule 26(f) Conference of the Parties, which occurred on May 16, 2014. Named counter-defendant Seneca Merger Sub, Inc. ("Seneca") was served the counterclaim on May 19, 2014, has not yet been served the first amended counterclaim, has not yet appeared in the case, and did not participate in the Rule 26(f) Conference. Counsel for FormFactor intends to appear on behalf of Seneca in this action.

## DESCRIPTION OF THE CASE

### 1.   Jurisdiction and Service

FormFactor has asserted claims for copyright infringement, breach of contract, unfair competition, and violations of the California Business and Professions Code. MarTek has counterclaimed for rescission and damages based on fraud in the inducement, mistake, and failure of consideration with regards to the parties' Intellectual Property License Agreement ("IPLA"), breach of written contract, breach of the implied covenant of good faith, a declaration that section 5.02 of the IPLA is unenforceable, a declaration that MarTek is authorized to continue to use inventory MarTek acquired in reliance on the IPLA for the purpose it was acquired, breach of oral contract, and unjust enrichment.

This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a). FormFactor and MarTek agree that subject matter jurisdiction is proper, and both parties have consented to personal jurisdiction. No issues exist regarding venue. FormFactor and MarTek have each served each other. MarTek has served Seneca the counterclaim, but not the first amended counterclaim.

### 2.   Facts

This case concerns intellectual property relating to certain semiconductor test equipment, specifically, testing devices known as wafer probers. Semiconductor wafers are manufactured with hundreds of integrated circuits (e.g., hundreds of memory chips) on a single wafer. Probers are used to test those integrated circuits while still on the wafer, prior to those integrated circuits being cut apart and then packaged. Certain technology is required to accurately move to the test probes.

Certain probers were designed and manufactured by Electroglas, Inc. In 2009, Electroglas, Inc. and Electroglas International, Inc. (collectively "Electroglas") filed for bankruptcy, and an auction was held to sell their assets. During the auction proceedings, Seneca acquired substantially all of Electroglas' intellectual property, including intellectual property relating to those certain Electroglas probers. Among that intellectual property were copyrights in software built into the probers.

Since 1995, MarTek has been engaged in the refurbishing, sale, and repair of wafer probers, including those manufactured by Electroglas. In March 2010, Seneca and MarTek entered into the IPLA. Under that agreement, Seneca licensed to MarTek all intellectual property that had been used by Electroglas to manufacture, use, sell, support, service, and repair specified wafer probers, including related software. After Seneca and MarTek entered into the IPLA, Seneca assigned all of its rights and obligations under the IPLA to FormFactor.

FormFactor alleges that MarTek violated the IPLA and then continued to use the copyrighted software without a license after FormFactor properly terminated the IPLA. MarTek alleges that FormFactor and Seneca failed to perform their obligations under the IPLA, including delivering a list of the intellectual property that was purchased from Electroglas and/or timely, or ever, delivering the licensed intellectual property. MarTek alleges that continued use of the copyrighted software is permitted under the First Sale Doctrine and the maintenance or repair exception under 17 U.S.C. § 117(c), and that it should be permitted to deplete the inventory it acquired in reliance on the IPLA.

MarTek also alleges that the IPLA is voidable because it was fraudulently induced and/or on the grounds of mistake because Seneca and FormFactor failed to secure the IP they purchased from Electroglas and because of failure of consideration, as Seneca and FormFactor never intended to collect and deliver all the intellectual property that they had purchased from Electroglas. MarTek also alleges that Seneca and FormFactor in bad faith refused to allow it to modify the Electroglas source code to correct problems in the software, which was licensed on an "as is" basis, and licensed the intellectual property to too many competitors, diluting the value of the intellectual property. MarTek also alleges that FormFactor breached numerous oral promises made to perform certain obligations under the IPLA, to modify certain provisions under the IPLA, and to reduce MarTek's payment obligations under the IPLA.

FormFactor has not yet responded to MarTek's first amended counterclaim. Seneca has neither responded nor appeared in the case to date.

**3.     Legal Issues**

(a)     Whether MarTek breached the IPLA;

(b)     Whether FormFactor or Seneca breached the IPLA;

(c)     Whether the IPLA is voidable for fraud in the inducement, mistake, or failure of consideration;

(d)     Whether § 5.02 (the limitation of liability clause) of the IPLA is unenforceable due to unconscionability;

(e)     Whether FormFactor or Seneca breached the implied covenant of good faith by failing to allow MarTek to modify the Electroglas source code to correct problems in the software;

(f)     Whether FormFactor or Seneca breached the implied covenant of good faith by licensing the intellectual property to too many competitors, diluting the value of the intellectual property;

(g)     Whether FormFactor or Seneca breached various an oral agreement with MarTek;

(h)     Whether FormFactor properly terminated the IPLA;

(h)     Whether MarTek is liable for copyright infringement under 17 U.S.C. § 106 for its business activities following FormFactor's termination of the IPLA, including the questions of whether or not MarTek has a defense under 17 U.S.C. § 109 (the First Sale Doctrine) and/or § 117 (the utilization or archival exception, or the maintenance or repair exception); and

(i)     Whether MarTek has committed Lanham Act violations based on certain statements that remained on its website after FormFactor terminated the IPLA.

**4.     Motions**

There have been two prior motions filed in this matter. MarTek filed a Motion to Enlarge Time to Move, Plead, or Otherwise Respond to the Complaint, which was granted. MarTek filed an Administrative Motion to Consider Whether Cases Should Be Related, which was granted.

FormFactor is presently contemplating filing a motion to dismiss several of MarTek's counterclaims under Rule 12(b)(6). FormFactor will first discuss the merits of these matters with MarTek in case such discussion may moot FormFactor's concerns.

3

**5.     Amendment of Pleadings**

FormFactor amended its complaint as of right on April 3, 2014. MarTek amended its answer and counterclaim as of right on May 23, 2014. No other amendments are presently anticipated by either party, but the parties ask that a deadline be provided by which amendment to the pleadings may be made.

**6.     Evidence Preservation**

FormFactor and MarTek have reviewed the ESI Guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

FormFactor and MarTek have agreed to exchange their initial disclosures by June 16, 2014.

**8.     Discovery**

FormFactor served its First Sets of Requests for Production and Interrogatories on May 17, 2014.

FormFactor and MarTek presently do not propose any limitations or modifications of the discovery rules. There are no discovery disputes at this time.

FormFactor and MarTek have discussed entering into the N.D. Cal. "Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets."

FormFactor and MarTek have discussed the N.D. Cal. Guidelines for the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, and do not anticipate any issues with regards to ESI.

The parties have agreed as follows relative to a Rule 26(f)(3) Discovery Plan

**Rule 26(f)(3)(A): changes in timing of Rule 26(a) Disclosures:**

No significant changes. See proposed scheduling.

**Rule 26(f)(3)(B): subjects on which discovery should be taken:**

No phasing of discovery.

**Rule 26(f)(3)(C): ESI issues:**

FormFactor and MarTek have discussed their ESI systems and plan to consider a form of electronic production.

4

**Rule 26(f)(3)(D):  Privilege Issues:**

There are no unique privilege issues.

**Rule 26(f)(3)(E): Changes on Discovery Limitations:**

There are no proposed changes at this time.

**Rule 26(f)(3)(F):  Other Orders:**

FormFactor and MarTek plan to file a proposed Stipulated Protective Order. They will wait until after counsel for Seneca had been identified, in order to include Seneca in that Order.

**9.     Class Actions**

N/A

**10.    Related Cases**

*FormFactor, Inc. v. Mr. Prober Technology, Inc. et al.* (No. 3:13-cv-3688) is currently pending in this Court and has been deemed related.  It concerns alleged infringement of the same copyrights at issue in this case.

**11.    Relief Sought**

FormFactor seeks damages and injunctive relief as asserted in the Amended Complaint, as well as an award of costs and attorneys' fees.

MarTek seeks damages and/or rescission and restitution, declaratory relief as asserted in the First Amended Counterclaim, and an award of costs and attorneys' fees.

**12.    Settlement and ADR**

No ADR order was entered in the case but the parties anticipate engaging in settlement discussions at the soonest reasonable juncture.

**13.    Consent to Magistrate Judge**

No.

**14.    Other References**

No.

**15.    Narrowing of Issues**

At this time, FormFactor and MarTek do not believe that the issues can be narrowed by agreement. FormFactor and Seneca have not yet responded to MarTek's counterclaims. The issues in the case may be narrowed following discovery.

**16.     Expedited Schedule**

FormFactor and MarTek do not believe that this case can be handled on an expedited basis.

**17.     Scheduling**

FormFactor and MarTek have not agreed on a schedule.

FormFactor's proposed schedule is set out in the table below:

| Event | FormFactor's Proposal |
|---|---|
| Rule 26(a)(1) disclosures | 6/16/14 |
| Amended Pleadings/Party joinder | 10/31/14 |
| Fact discovery cutoff | 12/12/14 |
| Opening expert reports | 1/30/15 |
| Rebuttal expert reports | 2/21/15 |
| Expert discovery cutoff | 3/13/15 |
| Dispositive Motion cutoff (filing) | 4/17/15 |
| Pre-Trial Conference | 7/8/15 |
| Trial | 7/29/15 |

MarTek does not believe that FormFactor's proposed schedule is realistic. MarTek is in the process of identifying percipient witnesses and has identified at least 40 to date. Consequently, it is not realistic to cut off fact discovery in December 2014. In addition, Seneca has not appeared in the case yet, and neither FormFactor nor Seneca have responded to MarTek's first amended counterclaim. A schedule should not be set until all parties have appeared in the case and the case is at issue.

Should the Court wish to set a schedule now, MarTek's proposed schedule is set out in the table below:

6

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:14-cv-01122 JD

4817-7036-2907.2

| Event | MarTek's Proposal |
|---|---|
| Rule 26(a)(1) disclosures | 6/16/14 |
| Amended Pleadings/Party joinder | 3/27/2015 |
| Fact discovery cutoff | 5/29/2015 |
| Opening expert reports | 7/2/2015 |
| Rebuttal expert reports | 7/17/2015 |
| Expert discovery cutoff | 7/31/2015 |
| Dispositive Motion cutoff (hearing date) | 8/26/2015 |
| Pre-Trial Disclosures under Rule 26(a)(3) | 10/23/2015 |
| Objections under Rule 26(a)(3) | 11/6/2015 |
| Pre-Trial Conference Statement | 11/9/2015 |
| Pre-Trial Conference | 11/18/2015 |
| Trial | 11/30/2015 |

**18.   Trial**

Both FormFactor and MarTek have requested a jury trial. FormFactor estimates that the trial will take 5 days. MarTek estimates that the trial will take 8-10 days.

**19.   Disclosure of Interested Entities**

FormFactor and MarTek have both filed Civ. L.R. 3-16 Certifications.

**20.   Other Matters**

FormFactor and MarTek are not aware of such other matters that may facilitate the speedy, just, and inexpensive disposition of this matter.

///

///

///

7

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 4:14-cv-01122 JD**

4817-7036-2907.2

| | |
|---|---|
| 1   Dated:  May 28, 2014 | /S/ JEAN-PAUL CIARDULLO |
| 2 | Jean-Paul Ciardullo<br>FOLEY & LARDNER LLP |
| 3 | Attorneys for<br>**FORMFACTOR, INC**. |
| 4 | |
| 5 | /S/ KATHLEEN F. SHERMAN<br>Kathleen F. Sherman |
| 6 | BERLINER COHEN |
| 7 | Attorneys for<br>**MARTEK, INC**. |
| 8 | |
| 9 | *I certify that Kathleen Sherman gave her permission to Foley & Lardner LLP to file this document.* |
| 10 | */s/ Jean-Paul Ciardullo, Foley & Lardner LLP* |

1 Dated:  May 28, 2014                              /S/ JEAN-PAUL CIARDULLO
                                                     Jean-Paul Ciardullo
2                                                    FOLEY & LARDNER LLP

3                                                    Attorneys for
                                                     **FORMFACTOR, INC**.
4
                                                     /S/ KATHLEEN F. SHERMAN
5                                                    Kathleen F. Sherman
                                                     BERLINER COHEN
6
                                                     Attorneys for
7                                                    **MARTEK, INC**.

8
                                                     *I certify that Kathleen Sherman gave her*
9                                                    *permission to Foley & Lardner LLP to file*
                                                     *this document.*
10                                                   */s/ Jean-Paul Ciardullo, Foley & Lardner*
                                                     *LLP*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4817-7036-2907.2