UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMFACTOR, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MARTEK, INC.,<br><br>    Defendant. | Case No. 14-cv-01122-JD<br><br>**ORDER TERMINATING MOTIONS RE DISQUALIFICATION OF COUNSEL** |

This case involved a business dispute. FormFactor, Inc. ("FormFactor") sued MarTek, Inc. ("MarTek") for copyright infringement, breach of written contract and violations of state and federal unfair competition laws; MarTek in turn asserted several counterclaims against FormFactor. Critically for purposes of this order, the parties reached an agreement in principle on May 5, 2015, Dkt. No. 98, and were thereafter able to finalize their settlement. And so on July 17, 2015, the parties filed a stipulation to dismiss the entire case with prejudice under Rule 41(a) of the Federal Rules of Civil Procedure. Dkt. No. 111. The case was consequently closed.

Beginning in October 2016 -- more than a year after the closure of the case -- there was a deluge of improper documents that were filed on the docket which go to a wholly separate dispute. Dkt. Nos. 113-140. These newly-filed documents center on MarTek's request that the Court disqualify Foley & Lardner, LLP (FormFactor's counsel in the now-closed case) from representing Complete Probe Solutions ("CPS") in a new dispute that has arisen between MarTek and CPS. While MarTek makes some gestures to try to tie this to the stipulated protective order that was entered by this Court long ago, Dkt. No. 52, that is clearly not what is driving MarTek's quest for relief from the Court. *See*, *e.g.*, Dkt. No. 113 ("MarTek respectfully requests that Foley be disqualified from representation of CPS in its dispute against MarTek and prohibited from

providing any protected information to any new attorney retained by CPS"); Dkt. No. 123 (MarTek's "motion to enforce protective order and disqualify Foley & Lardner").

MarTek's request that the Court disqualify Foley & Lardner from representing a third party in another case that is not before the Court is wholly inappropriate. The Court is not a free-roaming enforcer of attorneys' fiduciary duties to their clients or the rules of professional conduct. CPS was not and is not a party to the suit that was pending before this Court, which is now closed in any event. The parties have moreover notified the Court that the California Superior Court judge who is in fact presiding over the new case between MarTek and CPS has now resolved MarTek's request that Foley & Lardner be disqualified from representing CPS in that case. Dkt. No. 137. For all of these reasons, the Court terminates the disqualification requests and related motions that were inappropriately filed on the docket for this case. Dkt. Nos. 113, 115, 119, 123, 130, 132.

The Court previously indicated that it would impose monetary sanctions on the losing party. Dkt. No. 128. CPS and Foley & Lardner, neither of which is a party to this case, ask that the Court sanction MarTek for having put them through "the burden of such extensive briefing in this Court." Dkt. No. 137. The Court finds, however, that CPS and Foley & Lardner are just as responsible for creating that burden. In fact, CPS filed a 15-page brief opposing MarTek's initial (and improper) discovery letter brief, stating that this was procedurally proper because the Court "previously transferred all discovery disputes to Magistrate Judge Spero" on March 12, 2015. Dkt. No. 114 at 1. This is a troubling representation -- a review of the ECF docket shows that it was made clear as of March 13, 2015, that the referral to Magistrate Judge Spero was for settlement only and *not* for discovery. CPS, Foley & Lardner, and yet another non-party, Lucas/Signatone Corp., also took it upon themselves to file a "supplemental opposition" to MarTek's motion to disqualify, Dkt. No. 131, which of course MarTek then moved to strike. Dkt. No. 132. All of this leads the Court to conclude that there would be ample basis to sanction both sides here, but the Court declines to do so considering, among other things, that CPS, Foley & Lardner and Lucas/Signatone Corp. are not even proper parties who are before the Court.

While the Court does not impose any sanctions at this time, the Court does order that <u>no party or non-party may file anything further on the docket for this closed case without first seeking and receiving leave of Court</u>.

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
JAMES DONATO
United States District Judge